# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 02-CR-2030 CJW-MAR |
| vs. | **MEMORAUNDUM OPINION AND ORDER** |
| DAMARIUS ASIM SIMMONS, | |
| Defendant. | |

_____

This matter is before the Court on two pro se motions filed by defendant Damarius Simmons. In the first, defendant requests relief pursuant to the First Step Act (FSA). (Doc. 538). In the second, defendant seems to request compassionate release. (Doc. 577).

## I. BACKGROUND

On August 15, 2003, the Court sentenced defendant to 360 months' incarceration, with ten years of supervised release to follow, on one count of conspiracy to distribute crack cocaine.[1] (Doc. 192). Defendant finished serving his sentence and began serving his term of supervised release. On July 11, 2019, the Court revoked defendant's supervised release and sentenced him to six months' incarceration. (Doc. 528). Defendant served his sentence and resumed his term of supervised release. On April 16, 2020, the Court revoked defendant's supervised release and sentenced him to 9 months' imprisonment with one year of supervised release to follow. (Doc. 566). He is currently

---

[1] The Court reduced defendant's sentence to 270 months on July 17, 2006. (Doc. 338). On December 15, 2008, the court reduced defendant's sentence to 219 months. (Doc. 400). On November 9, 2011, the Court reduced defendant's sentence to 176 months. (Doc. 424).

incarcerated in the Linn County Correctional Center pending BOP placement following his revocation.

## II. FIRST STEP ACT

The FSA became law on December 21, 2018, and, relevant to this case, made the "Fair Sentencing Act of 2010" retroactive. Section 404 of the FSA provides that a court may, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Section 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B). The FSA defines a "covered offense" as any crime which had its penalties modified by § 2 or § 3 of the Fair Sentencing Act of 2010. Section 404(a). Section 2 of the Fair Sentencing Act modified the statutory penalties for certain violations of 21 U.S.C. § 841(b) related to cocaine, effectively reducing the penalty applicable to a qualifying defendant. *See also United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019).

The FSA allows a court to reduce a defendant's sentence for a "covered offense" as if the Fair Sentencing Act had been in effect at the time of the original offense. A covered offense is an offense whose penalties were altered by Sections 2 or 3 of the Fair Sentencing Act of 2010. Defendants who were sentenced prior to 2010 for violations of 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), such as defendant, are generally eligible for relief under the FSA. *McDonald*, 944 F.3d at 772; *see also United States v. Ingram*, 07-CR-4056 LTS, Doc. 303 (N.D. Iowa Sept. 10, 2019). Accordingly, the Court will assume that defendant's is a "covered offense" and he is eligible for relief.

Defendant was released and began serving his term of supervised release on November 17, 2014. (Doc. 491, at 1). Recently, the Court revoked his supervised release and sentenced him to 9 months' incarceration with one year of supervised release to follow. (Doc. 566). Most courts that have considered the issue have found that defendants who are otherwise eligible for relief pursuant to the FSA are still eligible whether they are serving terms of supervised release or revocation sentences. *See e.g.,*

*United States v. Venable*, 943 F.3d 187, 193 (4th Cir. 2019); *United States v. Woods*, 949 F.3d 934, 935 (6th Cir. 2020). Accordingly, the Court assumes that defendant is eligible for relief pursuant to Section 404 of the FSA and will consider his request on its merits.

After considering all the 18 U.S.C. § 3553(a) factors, the presentence investigation report (PSIR) (Doc. 153), the previous sentence reductions defendant received and, most importantly, the conduct giving rise to defendant's repeated revocations, the Court finds that no sentence reduction is warranted. *See United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019) ("'Nothing . . . shall be construed to require a court to reduce any sentence pursuant to this section.' First Step Act of 2018, 132 Stat. 5194, 5222."); *United States v. Sherman*, 2020 WL 2758697, at *2 (8th Cir. 2020) (same). Defendant has repeatedly failed to abide by his conditions of supervised release. When considering his most recent revocation, the Court found that defendant should serve an additional year of supervised release once he serves his revocation sentence. The Court will not alter that determination under Section 404 of the FSA. Accordingly, defendant's motion pursuant to the FSA (Doc. 538) is denied.

### III.   COMPASSIONATE RELEASE

In his second filing (Doc. 577), which the Clerk of Court docketed as a compassionate release motion, defendant states he is concerned about the COVID-19 pandemic and asks that the Court grant him home confinement or place him in a residential reentry center. Defendant states he has high blood pressure and sleep apnea and does not have access to his CPAP machine.

The term "compassionate release" refers to 18 U.S.C. § 3582(c)(1)(A), which allows a defendant to directly petition a district court for a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

3

If a defendant fully exhausts administrative remedies, the court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Defendant has failed to allege that 30 days have passed since he submitted a request for compassionate release to the warden at his facility or that he has fully exhausted all administrative rights to appeal the failure of the BOP to bring a motion on his behalf. Because defendant is not in BOP custody, however, there is a question to what extent the Court has authority to grant compassionate release, and if it does, how a defendant would comply with the exhaustion requirement. *See United States v. Rakestraw*, No. 3:17-cr-469-M (BT), 2020 WL 2114844, at *1 (N.D. Texas May 1, 2020) (finding defendant not eligible for relief under Section 3582 when defendant was not in BOP custody). *But see United States v. Levy*, 16-cr-270 (ARR), 2020 WL 2393837, at *3 (E.D.N.Y. May 12, 20200) (finding exhaustion requirement under Section 3582 "either satisfied or excused" when inmate was held in a private facility and not BOP custody, collecting cases).

The Court assumes, without deciding, that it has authority to consider the merits of defendant's request. Defendant's request for compassionate release is denied because the Court was aware of the COVID-19 pandemic on April 16, 2020, when it sentenced defendant. Despite the COVID-19 pandemic, and after considering defendant's conduct and all the relevant sentencing factors discussed in 18 U.S.C. § 3583(e) (which include by reference the factors in 18 U.S.C. § 3553(a)), the Court determined that a sentence of nine months was appropriate.

The Court's decision to deny relief is the same to the extent defendant is asking for a court recommendation for home confinement pursuant to the CARES Act.

## IV. CONCLUSION

For the reasons set out above:

1. Defendant's motion for relief pursuant to the FSA (Doc. 538) is **denied.**

2. Defendant's motion for compassionate release (Doc. 577) is **denied**.

**IT IS SO ORDERED** this 15th day of June, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa